15-3274
Duckett v. Foxx

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,

---

GEORGE J. DUCKETT,

> *Plaintiff-Appellant*,

> v.                                                                 15-3274

ANTHONY FOXX,

> *Defendant – Appellee.*

---

For Plaintiff-Appellant:        GEORGE J. DUCKETT, *pro se*, Jamaica Estates, N.Y.

For Defendant-Appellee:        RACHEL BALABAN, Assistant United States Attorney (Varuni Nelson, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the judgment of the United States District Court for the Eastern District of

New York (Garaufis, *J.*), entered August 17, 2015.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant George Duckett, *pro se*, appeals from the district court's grant of summary judgment to Defendant-Appellee Anthony Fox, Secretary of Transportation, on Duckett's claims of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. His complaint alleged that his employer, the Federal Aviation Administration ("FAA"), discriminated against him on the basis of his age and race when it did not promote him and instead chose another employee for the same position. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, bearing in mind that summary judgment is appropriate "only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). All ambiguities must be resolved, and all reasonable inferences drawn, in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).

Title VII and ADEA claims are governed by the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). *See Kirkland*, 760 F.3d at 225 (Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106–07 (2d Cir. 2010) (ADEA). In order to establish a prima facie case of discriminatory failure to promote in violation of Title VII or the ADEA, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the promotion for which he applied, (3) he was denied the promotion, and (4) the denial occurred

2

under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII or the ADEA. *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000) (Title VII); *see Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 386 (2d Cir. 2000) (ADEA). If the plaintiff establishes such a prima facie case, and the employer presents a legitimate, non-discriminatory reason for its actions, it is the plaintiff's burden to present evidence that the employer's reason is mere pretext. *See Howley*, 217 F.3d at 150; *Mauro*, 208 F.3d at 387–88.

The district court here properly granted summary judgment to Defendant-Appellee because Duckett did not establish that the FAA's failure to promote him occurred under circumstances giving rise to an inference of discrimination. Duckett argues that because, in his view, the 17-question test the FAA used to choose who to promote was not a valid measure of competency and did not address his specific area of expertise, it was designed to mask the FAA's true discriminatory motive. The test, however, consisted of questions relevant to the position at issue—Aviation Safety Engineer (Damage Tolerance Technical Specialist)—as fifteen of its questions (a) were based on a training workshop on fatigue and damage tolerance that both Duckett and the employee the FAA ultimately promoted had attended, and (b) concerned subjects covered by standard textbooks in the field. Duckett otherwise failed to demonstrate that the test, which the FAA ultimately administered verbally, violated any specific provision of the FAA's Human Resources Policy Manual, that any such violation suggested discrimination, or that any other circumstances of the promotion process implied the existence of a discriminatory motive.

Further, even if Duckett had established a prima facie case, he proffered no evidence to rebut the FAA's legitimate nondiscriminatory reason for not promoting him, namely the fact that he was not the highest scorer on the promotion test. *See Henry v. Daytop Vill., Inc.*, 42 F.3d 89,

3

94 n.1 (2d Cir. 1994) ("Evidence that [a] reason is false . . . is central to establishing pretext . . . .").

Duckett conceded both that he did not score as well as the employee who was ultimately promoted, and that he was not otherwise more qualified for the position than that employee. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria.").

We have considered all of Duckett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk